George M. Kraw (SBN 71551)
Donna L. Kirchner (SBN 138320)
Katherine McDonough (SBN 241426)
**KRAW AND KRAW**
605 Ellis Street, Suite 200
Mountain View, CA 94043
Telephone: (650) 314-7800
Facsimile: (650) 314-7899
gkraw@kraw.com
dkirchner@kraw.com
kmcdonough@kraw.com

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| WESTERN STATES INSULATORS & ALLIED WORKERS' INDIVIDUAL RETIREMENT ACCOUNT PLAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FRANK RODGERS, MATT WARNER, and DOES 1-50, <br><br> Defendants. | Case No.: C12-0442 JST <br><br> **STIPULATED DISMISSAL OF CLAIMS AGAINST MATT WARNER** |

It is hereby stipulated by and between Plaintiffs and Defendant Matt Warner that, pursuant to the settlement agreement between Plaintiffs and Matt Warner, all claims against him in *Board of Trustees for the Western States Insulators and Allied Workers Pension Plan, et al. v. al. v. Frank Rodgers, et al.* ("Rodgers 1"), Case No. CV 12-00442 JST, and consolidated case, *The Boards of Trustees of the Western States Asbestos Workers' Pension Fund, et al. v F. Rodgers Corp., et al.*, Case No. CV 13-1661 JST (formerly Central District of California Case No. CV12-1046 CBM), be dismissed with prejudice. The parties request that the court retain jurisdiction to enforce the settlement agreement between Plaintiffs and Matt Warner.

DATED: May 8, 2014

By: ___/s/_____
      Matt Warner

1 | DATED: May 8, 2013                    KRAW & KRAW LAW GROUP

3 | By: /s/
4 | DONNA L. KIRCHNER
    Attorney for Plaintiffs

6 | IT IS SO ORDERED.

7 | DATED: May 22, 2014

*IT IS SO ORDERED*
Judge Jon S. Tigar

(United States District Court, Northern District of California seal)

## ATTESTATION

I, Donna L. Kirchner, attest that signatory Matt Warner has read and approved the foregoing **STIPULATED DISMISSAL OF CLAIMS AGAINST MATT WARNER** and has consented to its filing in this action.

      /s/
Donna L. Kirchner

EXHIBIT A

SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Confidential Settlement Agreement and Mutual Release (the "Settlement Agreement") is made effective as of the 1st day of October, 2013 (the "Effective Date").

Certain disputes have arisen and are subject of court actions identified as *Board of Trustees for the Western States Insulators & Allied Workers' Pension Plan et al., v. Rodgers et al.*, United States District Court for the Northern District of California Case No. 3:12-cv-00442-JST; *Boards of Trustees of the Western States Insulators and Allied Workers Pension Fund et al v. F. Rodgers Corporation et al.*, United States District Court for the Northern District of California Case No. 3:13-cv-01661-JST (previously United States District Court for the Central District of California Case No. 12-cv-1046-CBM); and *Board of Trustees of the Northwest Insulation Workers Welfare Trust, et al., v. F. Rodgers Corporation, et al.*, United States District Court for the Western District of Washington Case No. 2:12-cv-00674-JLR (collectively the "Actions").

This Settlement Agreement is entered into by and between all of the Plaintiffs in the Actions ("Plaintiffs") and Defendant Matt Warner ("Warner").  The Plaintiffs and Warner are referred to herein separately as "Party" and are referred to herein collectively as the "Parties."  There are no other parties to this agreement.  The Parties desire to settle and compromise such disputes on the terms set forth below.

**CONSIDERATION**

1.  In full and final settlement of all claims for damages asserted by the Plaintiffs in the Actions, Warner shall pay to the Plaintiffs, for the benefit of the employee benefit funds represented by each Plaintiff Board of Trustees, the sum of Eleven Thousand dollars ($11,000.00) (allocation of which between the Plaintiffs shall be pursuant to a separate agreement between the Plaintiffs), and shall cooperate, if it becomes necessary, in providing a true and correct declaration under penalty of perjury detailing the decision-making process related to F. Rodgers Corporation's payment, or failure to pay, contributions to employee benefit funds during the last years of its operations.  Plaintiffs will provide Warner with 10 days notice of the need for any such declaration.  Payment of the $11,000.00 is contingent upon the court issuing, and shall become due and payable upon the court's issuance of, the  Stipulation and [Proposed] Order Re Good Faith Settlement which has been agreed to by the parties.

2.  Within seven (7) days after the Plaintiffs receive the settlement payment from Warner, the Parties shall file a stipulated dismissal of the Actions which are pending in the United States District Court for the Northern District of California,[1] with prejudice, solely as to the Plaintiffs'

---

[1]   The Action pending in the United States District Court for the Western District of Washington has been dismissed without prejudice, and counsel for the plaintiffs in that action has filed a motion requesting that the dismissal be revised to a dismissal with prejudice as to

claims against Defendant Warner.

**MUTUAL RELEASE**

3. Except for the obligations provided for by this Settlement Agreement, the Parties hereby release and discharge each other and their respective directors, officers, shareholders, attorneys, agents, employees, successors and assigns from all actions, causes of action, claims and liabilities included in or arising out of the Actions, whether known or unknown.

4. It is understood and agreed that this Settlement Agreement is intended to cover and does cover all claims or possible claims of every nature and kind whatsoever with regard to the Actions, whether known or unknown, suspected or unsuspected, or hereafter discovered or ascertained, and all rights under Section 1542 of the Civil Code of California ("Section 1542") are hereby expressly waived. The Parties acknowledge that they are familiar with Section 1542, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

The Parties expressly, knowingly, and intentionally waive and relinquish any and all rights that they have under Section 1542, as well as under any other similar state or federal statute or common law principle, with regard to any claims asserted in or arising out of the Actions.

**MISCELLANEOUS PROVISIONS**

6. The Parties are either represented by legal counsel and have received legal advice concerning this Settlement Agreement prior to executing it, or are no longer represented by legal counsel and have chosen to forego obtaining legal advice concerning this Settlement Agreement. Defendant Warner understands he is entitled to have this Settlement Agreement reviewed by an attorney of his choosing, if he so wishes.

7. This Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and there are no inducements, representations, warranties, or understandings that do not appear within the terms and provisions of this Settlement Agreement, except for the separate agreement among the Plaintiffs regarding allocation of the settlement funds. This Settlement Agreement may be modified only by a writing signed by all Parties.

---

Matt Warner.

8. This Settlement Agreement shall be governed by California law.

9. The Parties shall bear their own costs and expenses, including attorney fees, disbursements and court costs incurred in pursuing the Actions. This Settlement Agreement shall be fully binding and enforceable by entry of a judgment in accordance with California Code of Civil Procedure section 664.6 or its equivalent. The United States District Court for the Northern District of California, San Francisco Division shall retain jurisdiction to enforce this Settlement Agreement, and shall be expressly authorized and directed to grant the remedy of specific performance to enforce the rights, duties, and obligations of the parties under this Settlement Agreement. The availability of such remedy shall not alter or limit any other remedy available to the parties, in law or in equity.

10. Should any action or proceeding be brought by any party to this Settlement Agreement to enforce it or any provision hereof, the prevailing party in any such action or proceeding shall be entitled to recover, in addition to any other relief, reasonable attorney fees, costs and expenses.

11. Each individual signing this Settlement Agreement warrants and represents that he has the full authority and is duly authorized and empowered to execute this Settlement Agreement on behalf of the Party for which he signs.

12. This Settlement Agreement may be executed in one or more identical counterparts, each of which shall be deemed an original.

13. The Parties agree that a facsimile copy of a signature may substitute for and have the same legal effect as the original signature.

_____
Matt Warner

_____, Trustee
Robert Folts

_____, Trustee
Stan Danielson

On behalf of all Plaintiffs in *Board of Trustees for the Western States Insulators & Allied Workers' Pension Plan et al., v. Rodgers et al.*, United States District Court for the Northern District of California Case No. 3:12-cv-00442-JST

_____
Tom Gutierrez, Trustee

_____
Patrick Fulton, Trustee

On behalf of all Plaintiffs in *Boards of Trustees of the Western States Insulators and Allied Workers Pension Fund et al v. F. Rodgers Corporation et al*., United States District Court for the Northern District of California Case No. 3:13-cv-01661-JST (previously United States District Court for the Central District of California Case No. 12-cv-1046-CBM)